## BUEHRER v PROVIDENT MUT LIFE INS Co

Ohio Appeals, 6th Dist, Williams Co

No 176.  Decided Feb 3, 1930

C. L. Newcomer, Bryan, for Buehrer.

A. L. Gebhard, Byran, and Doyle & Lewis, Toledo, for Ins Co.

**LLOYD, J.**

The first ground of demurrer under consideration is that the facts stated are not sufficient to constitute a cause of action and is not based on any of the grounds specifically provided for challenging the sufficiency of the facts stated in the cross-petition as constituting a counterclaim. That the alleged cause of action is not the proper subject of a countreclaim, may be waived, and since, in Ohio, a general demurrer attacks only the jurisdiction of the subject matter, or the petition as not stating facts sufficient to constitute a cause of action, and where lapse of time appears on the face of the petition invokes the statute of limitations, a majority of the court feel that it may be questionable whether the demurrer here under consideration challenges the sufficiency of the cross-petition of the plaintiff in error as a counterclaim.

In our judgment the facts as alleged in the cross-petition do constitute a cause of action but are insufficient as constituting a counterclaim to the cause of action of the insurance company. The latter company seeks to foreclose a mortgage on real estate given to secure an unpaid promissory note. The cause of action of plaintiff in error is based upon an alleged tort not upon any condition or provision of the mortgage. It is not for an alleged breach of contract but for special damages claimed to have resulted from the false and malicious pub-

lished statements of the mortgagee. As we view it, the cause of action of plaintiff in error is founded upon an independent wrong not arising out of or connected with the cause of action of the insurance company, and this being so, even if, as claimed by plaintiff in error, there may be instances where a defendant may set up, by way of recoupment to the extent of the relief demanded by the plaintiff, a claim upon which an independent action or counterclaim seeking affirmative relief could not be brought because barred by the statute of limitations, the facts alleged in his cross-petition are of no avail for this purpose. Recoupment was the form of remedy provided by the common law, which the code now recognizes and designates as a counterclaim.

Timmons vs. Dunn, 4 Oh St., 683.

The cause of action of plaintiff is based upon an alleged false and malicious statement as to his title or interest in the real estate mortgaged to the insurance company and falls within that branch of the law of libel and slander designated as slander of title or slander of property. As said by Townshend in his Tretise on Slander and Libel:

"Slander of title is but a portion of that division of the law relating to wrongs by language, which includes language concerning things."

Under the heading "Slander of Property" Newel in "The Law of Libel and Slander", Section 22, says:

"There is a branch of the law of defamation generally known by the somewhat indefinite term 'Slander of Property'. It permits an action to be brought against any one who falsely and maliciously defames the property, either real or personal, of another and thereby causes him some special pecuniary damage or loss. As in all actions dependent upon special damage, there must be injury and damage; the injurious words falsely and maliciously spoken and the damage, the consequent pecuniary loss to the party whose property is defamed. There can be no action except for the injury, the slanderous words, and no recovery except for special damages."

And in Section 223, this author says:

"It makes no difference whether the matter complained of has been published orally or by writing, printing or otherwise, except as to the recovery which should be larger in case of publication in permanent form. The gist of the action is the special damage sustained."

In our opinion 11225 GC, which limits to one year the time within which actions for libel or slander may be commenced, applies to all actions so designated, whether relating to defamation of person or property. To hold otherwise would be to say that the legislature intended to and did provide a different limitation as to defamation of person, of personal property and of real estate. Since it is apparent that slander of personal property is not governed by 11224 GC, subsection 1 of which plaintiff in error claims applies to the action set up in his cross-petition, it would seem absurd to say that Section 11225 applies to defamation of person, Section 11224 to defamation of real estate and neither of them to defamation of personal property. It seems apparent, also, that slander of title of real estate is not a trespass and therefore not governed by subsection 1 of Section 11224 GC, because a trespass on real estate is an entry upon another's possession unlawfully and with force.

The claim that the action in the United States District court having been dismissed not on the merits and this action having been commenced within one year thereafter, avoids the effect of Section 11225 is not well taken since the record shows that the action in the United States District court was dismissed without prejudice on the application of the plaintiff in error. Siegfrid vs. Railroad Co., 50 Oh St, 294.

From what has been said it follows that the judgment of the court of common pleas will be and is affirmed.

Williams and Richards, JJ, concur.