NEWTON v
CUYAHOGA FALLS (city) et, etc

Ohio Appeals, 9th Dist, Summit Co

No 2137. Decided July 3, 1933

Myers, Dinsmore & Whittemore, Akron, for plaintiff.

Arthur L. Sidnell, City Solicitor, Cuyahoga Falls, and Michael Sophrin, Akron, for defendants.

POLLOCK, J (7th Dist) sitting in place of WASHBURN, PJ.

## OPINION

By POLLOCK, J.

But there seems to be a further question before a landowner whose property is assessed can avoid the assessment, and that is, Did it materially affect his property?

From the evidence, the property of plaintiff abutting on this highway is quite valuable. It was a change in the plans by constructing the street further on plaintiff's property, taking from him his property and giving it to the landowner on the other side of the road. It is urged on the part of the city that even if it did take this property, yet this property belonged to the highway and did not affect the plaintiff.

It seems that this road was laid out as a public highway about 1815. From the records we find that there was a survey made locating the center line of this road and that this survey was reported to the commissioners. The statute provided at that time that when that was done, the commissioners should determine the width of the road; that "the commissioners on receiving such return, shall cause the same to be publicly read in open meeting, on two different days of the same meeting, and if no objections are made to such proposed road on the second reading, and the commissioners are satisfied that the same will be of public utility, they shall order such road to be opened a necessary width, not exceeding sixty six feet, and made in other respects convenient for the passage of travellers and carriages, and. cause a record thereof to be made, which thenceforth shall be deemed a public highway." (8 O.L. 569).

It is claimed by the city that as no record establishing the width of this highway has been found, the road was established, under this statute, 66 feet wide, and that 33 feet from the center line of the road is still a part of the public highway.

But it will be noticed that the statute at that time did not provide for the road to be 66 feet wide; it provided that the commissioners should open a necessary width, not exceeding 66 feet. While no record showing what the commissioners did has been found, yet it is to be presumed that they complied with this law and ordered this road opened a reasonable width, and that was all that would be dedicated to the public use for a highway.

While there is little evidence as to the width of this road prior to the improvement which council proceeded to enact, we do not find that more than 20 feet from the center line of the old road was used by the road authorities as a part of the public road. But even granting that the old road extended more than 20 feet from the center line on plaintiff's property, the council of Cuyahoga Falls was proceeding to establish an improved street 40 feet wide along the center line of the old road; the landowners would then be entitled to the balance of the 66 feet.

In 2 Elliott on Roads and Streets (4th ed.), §718, page 895, it is said that a slight deviation will not vitiate the proceedings unless it does the landowner some material harm.

"4. No departure as to plans and specifications for street improvement, which substantially harms property owners, will be permitted."

Johnson v Village of New Concord, supra.

We think that the taking of this property did materially affect the rights of the landowner, and for that reason he has a right to an injunction against the collection of the assessment for this improvement.

Another claim is made that the assessment as made was not legally made.

It appears that council, on the 6th of January, 1931, passed a resolution appointing an assessing board to determine the assessment upon the abutting landowners along this improvement under the provisions of §3847 GC. This board proceeded to perform the duties required of it and made its report. Then, under the provisions of §3848 GC, some of the abutting landowners filed objections to the assessment, and council then proceeded to appoint the equalizing board as provided by that section. Before the equalizing board reported, coun-

cil, by ordinance, rescinded the resolution appointing the assessing board, and proceeded at the same meeting to pass a resolution appointing a new assessing board, which was composed of the same members as the former one, and also, at a later meeting, to appoint a new equalizing board of the same members as the original one. Both boards reported as required by the statutes, and the reports of these boards were confirmed by council.

The only authority provided by statute for council to set aside the report of the assessment committee and equalizing committee, is provided by §3850, GC, which prescribes that, after the equalizing board has made its report to council, the council can confirm the assessment or set it aside and cause a new assessment to be made. Council did not do this. Council, before the equalizing board first appointed had reported, revoked, by ordinance, the resolution appointing the first assessment board. While the report of the first assessing board is lost, yet from the evidence there was a material change in the second assessment upon plaintiff's property from what there was in the first—that is, the assessment was materially increased. The question then presented is, Had council the right to revoke the appointment of the first assessing board and permit another without waiting until after the equalizing board had acted?

Section 718 in Elliott on Roads and Streets, supra, discusses the question of the right of council to deviate from the provisions of the statute. While it may change slightly its own procedure, it has no right to deviate from the requirements of the statute. This council did, and to the disadvantage of the plaintiff. We think the plaintiff had a right to have the equalizing board act and report its action to council upon the first assessment, before council had a right to set the assessment aside, and that council could not revoke by ordinance the resolution appointing the assessing board. The council could only set aside the assessment by proceeding as authorized in §3850, GC. We think, for this reason, that plaintiff is entitled to an injunction against this assessment.

The judgment is in favor of the plaintiff. Journal entry may be drawn accordingly, enjoining the collection of this assessment against plaintiff's property. Exceptions noted.

FUNK and STEVENS, JJ, concur in judgment.