DURAMAX, INC., Appellant,

v.

GEAUGA COUNTY BOARD OF COMMISSIONERS et al., Appellees.*

[Cite as *Duramax, Inc. v. Geauga Cty. Bd. of Commrs.* (1995), 106 Ohio App.3d 795.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 95–G–1917.

Decided Oct. 16, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 75 Ohio St.3d 1412, 661 N.E.2d 760.

*Kelley, McCann & Livingstone, Steven A. Goldfarb* and *David E. Burke,* for appellant.

*David P. Joyce,* Geauga County Prosecuting Attorney, and *Brian M. Richter,* Assistant Prosecuting Attorney, for appellees.

---

FORD, Presiding Judge.

On October 18, 1994, appellant, Duramax, Inc., brought suit against appellees, Geauga County Board of County Commissioners and the Geauga County Engineer, Robert L. Phillips, seeking to quiet title regarding the width of Munn Road, the roadway fronting the eastern edge of its property. In its suit, appellant sought to have the court declare that the width of the roadway is forty feet. Appellees filed an answer and counterclaim requesting that the court conclude that the proper width of the roadway easement is sixty feet. Appellees also requested the removal of a fence which appellant had erected.

In 1819, what is now known as Munn Road in Auburn Township was opened, but the official record books do not contain any provision regarding the width of the roadway. However, the enactment authorizing the road provided that "the same be established * * * pursuant to the statute."

Since the road has been open, the traveled portion of the roadway has never been greater than ten feet to the west of the center line. Additionally, including a drainage ditch, the entire width of the county's roadway has not been greater than twenty feet west of the center line. Recently, however, the county has undertaken a project to widen the existing paved portion of Munn Road, and the project will require at least an additional ten feet or at least thirty feet west of the current center line.

After suit was filed, appellees filed a motion for summary judgment. Appellant filed a response and a cross-motion for summary judgment. After receiving appellees' response to appellant's cross-motion, the court granted appellees' motion and overruled appellant's motion. From this entry, appellant timely perfected this appeal, presenting one assignment of error:

"The trial court erred in granting defendants-appellees' motion for summary judgment and denying plaintiff-appellant's cross-motion for summary judgment."

Pursuant to Civ.R. 56(C):

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Additionally, the party opposing the motion has the burden of producing "specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Civ.R. 56(E).

▮▮ In the instant action, appellant claims that since the county did not specify the width of the roadway when it was created, the width should be the width of the actual paved roadway. It claims that support for this proposition is found in *Newton v. Cuyahoga Falls* (App.1933), 15 Ohio Law Abs. 86. Appellees, on the other hand, suggest that this court's decision in *Wyatt v. Ohio Dept. of Transp.* (1993), 87 Ohio App.3d 1, 621 N.E.2d 822, is dispositive of this issue. While we find both cases offer some insight on the questions posed, we find neither to be controlling. While the facts in *Newton* are similar to those in the instant action, they are not on all fours, and *Wyatt* deals with a state route and state appropriations rather than the county's acquisition of an additional right-of-way.

In *Newton,* the court noted:

"[T]his road was laid out as a public highway about 1815. From the records we find that there was a survey made locating the center line of this road and that this survey was reported to the commissioners. The statute provided at that time that when that was done, commissioners should determine the width of the road; that 'the commissioners on receiving such return, * * * they shall order such road to be opened a necessary width, not exceeding sixty feet * * *.'

" * * *

"[I]t will be noticed that the statute at the time did not provide for the road to be 66 feet wide; it provided that the commissioners should open a necessary width, not exceeding 66 feet. While no record showing what the commissioners did has been found, yet it is to be presumed that they complied with this law and ordered this road opened a reasonable width, and that was all that would be dedicated to the public use for a highway.

"While there is little evidence as to the width of this road prior to the improvement which council proceeded to enact, we do not find that more than 20 feet from the center line of the old road was used by road authorities as a part of the public road." *Id.*, 15 Ohio Law Abs. at 88.

Clearly, the determinative factor in *Newton* was that the city had failed to show that the commissioners had dedicated any more of the road than had been opened. However, in the instant action, the enabling legislation provides that "the same be established * * * pursuant to the statute." That statute provided that the maximum allowable width would be sixty feet. Therefore, the legislation did provide for a sixty-foot right-of-way, even though less than a thirty-foot roadway was opened at the time.

Additionally, attached to appellees' motion was other substantial, relevant evidential material which supported their contention that the right-of-way was sixty feet wide. Specifically, appellees attached to their motion copies of deeds, all which indicated that the width of the road was thirty feet from the center line of the road or a total of sixty feet, including appellant's deed which specified the identical width. As noted in *Gallipolis v. Gallia Cty. Fair Co.* (1929), 34 Ohio App. 116, 121, 170 N.E. 174, 175:

"The deeds under which the defendant holds clarify the situation by showing that the width of the road at the point in controversy was actually 66 feet, and the defendant's line running to the center thereof fixed the location as well as the width substantially as pleaded by plaintiff."

Similarly, in *Wyatt,* this court noted:

"Appellants contend that the [deed and paragraph one of the complaint] create a genuine issue of material fact regarding the width of the easement. This, however, is not the case. The deed says that the road is sixty feet wide, which is equal to the outer edge of the forty to sixty feet range. These facts are not in conflict, but rather, are complimentary and lead to a conclusion that the easement is sixty feet." *Id.*, 87 Ohio App.3d at 3, 621 N.E.2d at 824.

Similarly, in *Hamilton Cty. Commrs. v. Cincinnati, Hamilton & Dayton Ry. Co.* (1911), 12 Ohio N.P. (N.S.) 129, 131–132, 23 Ohio Dec. 426, 428–429, the court relied upon:

"[T]he admitted facts, the issues of fact as to the character of this highway, its width, when it was opened for public travel, how it was used and to what width, its width between the fences, its reputed width and the time when the railroad's abutments were constructed * * *.

"The evidence to establish these facts consisted of plats and records from the offices of the county recorder, the county auditor and the county surveyor; the oral testimony of individuals who testified to the width of the pike between the

fences, and the traveled portion thereof as far back as sixty-two years; and the oral testimony of witnesses who have been well acquainted with this highway for from thirty to sixty-two years, that its reputed width has been sixty feet; also private plats of individuals more than fifty years old showing the width of the road * * * to be sixty feet or more."

There was similar evidence before the trial court, in the instant action, to indicate that the road was sixty feet wide. Appellant did not offer any evidence to the contrary or to challenge appellees' submissions, but only relied upon the decision rendered in *Newton.* Appellant did not set forth specific facts to create a genuine issue of material fact for trial to survive appellees' summary judgment motion.

Finally, it should be noted that the burden of proof in this action rested with the appellant.

"The burden of proof in a quiet title action ' * * * rests with the complainant as to all issues which arise upon essential allegations of his complaint. He must prove title in himself if the answer denies his title or if the defendant claims title adversely.' 65 American Jurisprudence 2d (1972) 207, Quieting Title, Section 78. 'The burden rests upon the defendant to establish a title which he has set up to defeat the complainant's claim of ownership.' *Id.,* at 209, Section 79; 37 Ohio Jurisprudence 3d (1982) 269, Ejectment, Section 234." *Waldock v. Unknown Heirs of Wagner* (June 7, 1991), Erie App. No. E–89–53, unreported, at 6, 1991 WL 97317.

Appellant failed to sustain its burden on this issue. As such, the trial court did not err by granting summary judgment for appellees.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and JOSEPH E. MAHONEY, JJ., concur.