DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the August 13, 2003, and November 22, 2003 judgments of the Ottawa County Court of Common Pleas, which granted summary judgment to appellees, Norfolk Southern Corp., the Villages of Elmore and Genoa, and the Sandusky County Park Department. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellants, Paul and Sandy Blausey, John Myers, Gary and Carolyn Eye, Margaret Bench, Randy and Mary Luckey, Lawrence and Elaine Gruetter, Richard and Lenore Harmeyer, Audrey Wolf, Herman Wolf, and Zeller Farm, Inc., assert the following assignments of error on appeal:
 {¶ 2} "1. The trial court erred in awarding summary judgment to the defendants, since the evidence submitted by the movants did not meet the standard of rule 56 of the Ohio Rules of Civil Procedure.
 {¶ 3} "A. The trial court committed prejudicial and reversible error by sustaining defendant/appellee's motion for summary judgment for the reason that defendant/appellee's only supporting evidence did not meet the requirements of Civil Rule 56.
 {¶ 4} "B. Assuming arguendo that the Richmond affidavits were valid, plaintiffs' submission of right-of-way easements under attorney certificate was adequate to dispute the movant's evidence.
 {¶ 5} "2. The trial court erred in failing to apply the presumptions mandated by the Supreme Court in Cincinnati, Hamilton Dayton RailwayCo. v. Wachter (1904) 70 Ohio St. 113, and Junction Railroad v. Ruggles
(1857) 7 Ohio St. 1, requiring railroads to bear the burden of proof of showing fee ownership."
 {¶ 6} Appellants, as owners of the land adjacent to the Norfolk Southern railroad line, brought this suit in September 2001 for damages, declaratory judgment, and injunctive relief against appellees regarding the transition of the railroad corridor into a public trail. Appellants asserted causes of action of slander of title, unjust enrichment, theft, securing writings by deception, and trespass. Appellants sought a declaration that they own fee simple title to the railroad corridor.
 {¶ 7} Appellees Sandusky Park District, the Village of Genoa, and the Village of Elmore filed for summary judgment as to the claims that pertained to them. In pertinent part, appellees argued that the declaratory judgment action is actually an action to quiet title, and therefore, appellants were required by Ottawa County Court of Common Pleas Loc.R. 53 to file evidence of record title to the property at issue. Appellees argue that appellant was only able to prove marketable title back to the early 1900s without any evidence of the original conveyance of the land to the railroad by way of easement, right-of-way, or lease. Furthermore, appellees argued that appellants failed to comply with Ohio's Marketable Title Act to preserve ancient interests in land. Therefore, if there had been any reversionary interest in the railroad corridor, those interests were forfeited and appellants do not have standing to bring this action.
 {¶ 8} Appellants responded by arguing that under Ohio law the conveyance of a railroad right-of-way is presumed to be an easement. Therefore, appellees would bear the burden of proving their right to the property. Attached to appellants' memorandum in opposition were copies of the original conveyances of the corridor property certified by appellants' attorney to be true and accurate copies of the documents obtained in discovery.
 {¶ 9} By a judgment dated August 13, 2003, the trial court granted summary judgment to these appellees on the grounds that appellants did not meet their burden of proving title to the railroad corridor property. Furthermore, the court held that the cases which altered the burden of proof in railroad corridor cases are distinguishable on their facts. In both of those cases, the plaintiff produced the original granting instrument, which shifted the burden of proof to the defendants to establish that they owned the entire fee simple interest.
 {¶ 10} Appellee Norfolk Southern Corporation then filed for summary judgment on the ground that appellants cannot establish title to the property. Appellants opposed this motion on the same grounds. On November 22, 2004, the court granted summary judgment to appellee Norfolk Southern Corporation. The court held that the conveyances attached to appellants' memorandum in opposition were not considered because they did not meet the evidentiary requirements of Civ.R. 56(E). Furthermore, the court held that the conveyances produced by appellants do not indicate that appellants have any interest in the railroad corridor.
 {¶ 11} On appeal, appellants argue in their two assignments of error that the trial court erred in granting summary judgment to appellees for several reasons. First, appellants argue that the trial court should not have considered the two affidavits of Dale Richmond when copies of the documents he examined are neither attached nor included in the record. Furthermore, they argue that there is no foundation laid in the affidavits as to Richmond's competency to attest to these matters or the specific facts upon which he based his conclusions.
 {¶ 12} Second, appellants argue that the trial court should have considered the copies of the conveyances submitted by appellants through an attorney's certificate. They argue that the conveyances were supplied by appellee Norfolk Southern Corporation, they provide the necessary information to resolve the issues in this case, and the court considered the Richmond affidavits, which did not meet the requirements of Civ.R. 56(E).
 {¶ 13} Finally, appellants argue that the trial court erred as a matter of law by holding that appellants bore the burden of proving their title to the property.
 {¶ 14} Because the last issue resolves all the issues in this case, we address it first. Summary judgment is reviewed de novo. AdvancedAnalytics Labs., Inc. v. Kegler, Brown, Hill Ritter,148 Ohio App.3d 440, 2002-Ohio-3328, at ¶ 33. Applying the requirements of Civ.R. 56(C), summary judgment is appropriate only when it is clear "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66-67. In this case, there are no genuine issues of material fact. At issue is only the legal question of who bears the burden of proving ownership of the land at issue.
 {¶ 15} We have previously addressed the issue of the burden of proofs in actions to quiet title. Nottke v. Bd. of Park Commrs., 6th Dist. App. No. E-04-028, 2005-Ohio-323, at ¶ 21, and Waldock v. Unknown Heirs
(1991), 6th Dist. No. E-89-53, at 17, quoting 65 American Jurisprudence 2d (1972) 207, Quieting Title, Section 78, and American Jurisprudence 2d (1972) 209, Section 79. In those cases, we held that the plaintiff bears the burden of proving his title to the property at issue if the defendant denies plaintiff's title in his answer to the complaint or claims title adversely. The defendant bears the burden to prove that his title defeats plaintiff's claim.
 {¶ 16} Appellants cite to Cincinnati, Hamilton Dayton Railway Co.v. Wachter (1904), 70 Ohio St. 113 and Junction Railroad Co. v. Ruggles
(1857), 7 Ohio St. 1 in support of their argument that they do not have the burden to prove their title to the land in railroad cases such as this one. Upon a review of these cases, we find that neither case supports appellants' argument. In both cases, the issue addressed is the extent of the rights of the parties, not which party bears the burden of establishing title to the property at issue.
 {¶ 17} In this case, appellees challenged in their motions for summary judgment that appellants could not establish any interest in the railroad corridor based on the title work produced in discovery. Appellants did not present any evidence in rebuttal to establish title to the property or a common root of title. Without such evidence, the plaintiff could not prevail even if the court determined that the original conveyance of the railroad corridor was an easement rather than the entire fee simple interest. Therefore, we find that the trial court properly rendered summary judgment in favor of appellees as a matter of law. Any alleged errors relating to the consideration of the Richmond affidavit and the conveyances submitted by way of an attorney's certificate are moot.
 {¶ 18} Accordingly, appellants' first and second assignments of error are not well-taken.
 {¶ 19} Having found that the trial court did not commit error prejudicial to appellants and that substantial justice has been done, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.