[Cite as *Wells Fargo Bank, N.A. v. Johnson*, 2016-Ohio-1114.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Wells Fargo Bank, N.A., etc. | Court of Appeals No. L-15-1111 |
| Appellee | Trial Court No. CI0201403086 |
| v. | |
| Kelly Johnson, et al. | **DECISION AND JUDGMENT** |
| Appellant | Decided: March 18, 2016 |

* * * * *

Paul M. Nalepka and Gregory A. Stout, for appellee.

David G. Johnson II, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, David Johnson, appeals pro se, a judgment of foreclosure issued by the Lucas County Court of Common Pleas. We affirm.

{¶ 2} In July 2006, Kelly Johnson borrowed $118,100 from Aegis Funding Corporation in order to finance the purchase of property on Glenn Street in Toledo, Ohio.

The loan was secured with a mortgage signed by Kelly Johnson and appellant, David Johnson. The mortgage designated Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Aegis Funding Corporation and their successors and assigns. MERS was identified as the mortgagee. In 2008, Kelly Johnson entered into a loan modification agreement with Carrington Mortgage Services LLC. The monthly mortgage payments were lowered from $995.63 to $815.92.

{¶ 3} On June 6, 2014, MERS assigned the mortgage to appellee, Wells Fargo Bank, N.A., as trustee for Carrington Mortgage Loan Trust, Series 2007-RFC1, Asset-Backed Pass-Through Certificates.

{¶ 4} On July 8, 2014, appellee filed a complaint in the trial court alleging that it was holder of the note which was now in default for want of payment. Appellee sought judgment on the note, foreclosure of the mortgage and sale of the property.

{¶ 5} The Johnsons each separately answered the complaint with appellant filing counterclaims. Appellee filed a motion to dismiss appellant's counterclaims arguing that pursuant to Civ.R. 12(B)(6), he had failed to state a claim upon which relief could be granted. The court granted the motion on October 21, 2015.

{¶ 6} Appellee filed a motion for summary judgment on February 6, 2015, arguing that there were no genuine issues of material fact and that they were entitled to a judgment and decree in foreclosure as a matter of law. Appellant also filed a motion for summary judgment. The trial court granted appellee's motion and denied appellant's motion. The court simultaneously issued a decree of foreclosure, finding the amount

2.

owed to appellee to be $113,224.57 plus interest.  Appellant now appeals setting forth the following assignments of error:

I.  The trial court erred when it dismissed the appellant's counter complaint pursuant to Ohio Rule of Civil Procedure 12(B)(6).

II.  The trial court erred when it denied the appellant's motion for leave to amend his counter claim.

III.  That material issues of fact exist between the appellant and the appellees which precluded the trial court granting the appellees summary judgment on their complaint.

IV.  The trial court erred in accepting the appellee's Ohio Civil Procedure Rule 56 affidavit as sufficient to establish standing of appellees to sue on the note and mortgage.

V.  The trial court exhibited judicial bias in favor of the appellees.

{¶ 7} In his first assignment of error, appellant contends that the court erred in dismissing his counterclaim pursuant to Civ.R. 12(B)(6).

{¶ 8} We review a trial court order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) de novo.  *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.  A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger,* 42 Ohio St.3d 116, 117, 537

3.

N.E.2d 1292 (1989). A trial court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104, 661 N.E.2d 218 (8th Dist.1995). In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶ 9} Although factual allegations in the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989). When reviewing a judgment granting a Civ.R. 12(B)(6) motion for relief from judgment, an appellate court must independently review the complaint to determine if dismissal was appropriate. *Grange Mut. Cas. Co. v. Klatt*, 10th Dist. No. 96APE07-888, 1997 WL 128919, *5 (Mar. 18, 1997).

{¶ 10} Appellant asserted counterclaims for (1) appellee's lack of standing, (2) fraud in the inducement, (3) fraud in the concealment, (4) declaratory relief, (5) quiet title, (6) slander of title, and (7) intentional infliction of emotional distress.

{¶ 11} Before reviewing appellant's individual claims, we take note of the fact that a common theme throughout his counterclaims is appellant's objection to the practice of securitization. Securitization is the process in which certain types of assets are pooled

4.

so that they can be repackaged into interest-bearing securities. The interest and principal payments from the assets are passed through to the purchasers of the securities.

## Standing

{¶ 12} The issue of standing concerns "whether the party has alleged such a personal stake in the outcome of the controversy, as to ensure that the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, syllabus.

{¶ 13} "The current holder of the note and mortgage is the real party in interest in a foreclosure action." *Wells Fargo Bank, N.A. v. Stovall,* 8th Dist. No. 91802, 2010-Ohio-236, 2010 WL 320487, ¶ 15.

{¶ 14} In his complaint, appellant does not claim that appellee does not hold the note. Rather, he disputes the manner in which it was transferred. For purposes of this single issue, appellee, as holder of the note, has standing.

## Fraud in the Inducement and Fraud in the Concealment

{¶ 15} The elements of fraud in the inducement are

(1) a representation of fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with utter disregard and recklessness, as to whether it is true or false, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation, (6) and a resulting injury proximately caused by the

5.

reliance. *H & M Landscaping Co., Inc. v. Abraxus Salt, L.L.C.*, 8th Dist. Cuyahoga No. 94268, 2010-Ohio-4138, ¶ 22.

**{¶ 16}** The elements of fraud in the concealment are

(1) a representation, or a concealment of fact when a duty to disclose exists, (2) which fact is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge can be inferred, (4) with the intent of causing another to rely on it, (5) justifiable reliance on the representation or concealment, and (6) injury proximately caused by the reliance. *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 491 N.E.2d 1101, (1986), paragraph two of the syllabus.

**{¶ 17}** Failure to plead the elements of fraud with particularity results in a defective claim that cannot withstand a Civ.R. 12(B)(6) motion to dismiss. Civ.R. 9(B); *Paparodis v. Snively,* 7th Dist. Columbiana No. 6-CO-5, 2007-Ohio-6910, ¶ 69, citing *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 90 Ohio App.3d 284, 292, 629 N.E.2d 28 (8th Dist.1993). Civ.R. 9(B) provides: "[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

**{¶ 18}** Appellant alleged fraud, in a detailed narrative, by Aegis Funding, MERS, Premier Mortgage Group, William Wanke, agent for Premier Mortgage Group, and

6.

Stephanie Helsel, closing agent for Premier Mortgage. Appellant, in his counterclaim, names them as parties. Appellant seems to claim that appellee, by virtue of being the last one holding the note "should have known" that their possession of the note was the result of fraudulent activity on the part of the other prior participants in the transaction but appellant did not state with sufficient particularity how appellee would have such knowledge. He merely makes unsupported conclusions.

## Declaratory Relief

{¶ 19} The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." *Aust v. Ohio State Dental Bd.*, 136 Ohio App.3d 677, 681, 737 N.E.2d 605 (10th Dist.2000).

{¶ 20} Appellant sought a judgment finding that appellee lacked authority to foreclose on the property. Appellant incorporated all of his arguments set forth for the other claims above. For the reasons addressed with regard to appellant's standing argument above, appellant did not present a justiciable controversy.

## Quiet Title

{¶ 21} The purpose of any quiet-title action is to conclusively determine the allocation of property interests. *Lincoln Health Care, Inc. v. Keck*, 11th Dist. Lake No. 2002-L-006, 2003-Ohio-4864, ¶ 23. "The burden of proof in a quiet title action rests with the complainant as to all issues which arise upon essential allegations of his complaint. He must prove title in himself if the answer denies his title or if the defendant

7.

claims title adversely." *Duramax, Inc. v. Geauga Cty. Bd. of Commrs.*, 106 Ohio App.3d 795, 798, 667 N.E.2d 420 (11th Dist.1995).

{¶ 22} Appellant contended that appellee is claiming title adversely due to the alleged fraudulent nature in which appellee ultimately ended up with the note. For the same reasons we found appellant's fraud claims to be lacking, this claim is also without merit.

### Slander of Title

{¶ 23} Slander of title is a tort action which may be "brought against anyone who falsely and maliciously defames the property, either real or personal, of another, and thereby causes him some special pecuniary damage or loss." *Buehrer v. Provident Mut. Life Ins. Co. of Philadelphi*a, 37 Ohio App. 250, 257, 174 N.E. 597 (6th Dist.1930), *aff'd*, 123 Ohio St. 264, 175 N.E. 25 (1931). To prevail, a claimant must prove (1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages. *Whitman v. Gerson*, 1st Dist. Hamilton Nos. C-140592, C-140595, 2016-Ohio-311.

{¶ 24} The basis of this claim is that appellant's title has been slandered by virtue of appellee bringing a foreclosure action. Having already determined that appellee had standing to do so, we find that appellant has failed to state an actionable claim.

8.

## Intentional Infliction of Emotional Distress

{¶ 25} In order to recover in an action for intentional infliction of emotional distress, claimant must establish the following four elements:

(1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff;

(2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community," Restatement of the Law 2d, Torts (1965) 73, Section 46, comment d;

(3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and

(4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it," Restatement of the Law 2d, Torts, Section 46, comment j (1965). *Pyle v. Pyle*, 11 Ohio App.3d 31, 34, 463 N.E.2d 98, 103 (8th Dist.1983).

As a matter of public policy, under the doctrine of absolute privilege in a judicial proceeding, a claim alleging that a defamatory statement was made in a written pleading does not state a cause of action where the allegedly defamatory statement bears some reasonable relation to the

judicial proceeding in which it appears. *Surace v. Wuliger*, 25 Ohio St.3d 229, 495 N.E.2d 939 (1986), syllabus.

{¶ 26} Because appellant's claim for intentional infliction of emotional distress alleged nothing beyond the filing of the foreclosure complaints and necessary statements and furtherance of the claims set forth therein, the counterclaims are barred on their face by the doctrine of absolute privilege.

{¶ 27} Based on the foregoing, we conclude that the trial court properly dismissed appellant's counterclaim pursuant to Civ.R. 12(B)(6). Appellant's first assignment of error is found not well-taken.

{¶ 28} In his second assignment of error, appellant contends that the court erred in denying his motion to amend his counterclaim. Appellant filed this motion three weeks after the trial court dismissed his original counterclaim. Appellant asserted the same claims he asserted in his original counterclaim. The court denied appellant leave to amend his counterclaim. In doing so, however, the court once again analyzed his claims in its judgment entry, ultimately concluding that "[a]llowing [appellant] to amend his counter-complaint would be futile because none of the causes of action in his proposed amended counter-complaint states a cause of action upon which relief can be granted." Although his request was denied, his claims were nevertheless addressed for the second time. As such, appellant was not prejudiced. Appellant's second assignment of error is found not well-taken.

10.

{¶ 29} In his third assignment of error, appellant contends that the court erred in granting summary judgment to appellees.

{¶ 30} Appellate review of a summary judgment is de novo, *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), employing the same standard as trial courts. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The motion may be granted only when it is demonstrated

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978), Civ.R. 56(C).

{¶ 31} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact.

11.

Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 826, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 201 (1986).

{¶ 32} "A party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *Countrywide Home Loans, Inc. v. Baker*, 10th Dist. Franklin No. 09AP-968, 2010-Ohio-1329, 2010 WL 1229180, ¶ 8.

{¶ 33} In support of their motion for summary judgment, appellee submitted the sworn affidavit of Elizabeth A. Osterman, Vice President of Carrington Mortgage Services LLC, as servicer for Wells Fargo Bank, N.A, as Trustee for Carrington Mortgage Loan Trust, Series-RFC1, Asset-Backed Pass-Through Certificates. She testified that her duties included accessing and reviewing the records relating to appellant's loan, that the records were made at or near the time by, or from information transmitted by, a person with knowledge, that the records were made and kept in the ordinary course of appellee's regularly conducted business activity, and that she had personally reviewed them.

12.

**{¶ 34}** The records she reviewed included the note, the loan modification document and the mortgage. She testified that the mortgage was subsequently assigned to appellee and the assignment of mortgage was recorded on June 13, 2014, with the Lucas County, Ohio recorder. The note was executed by Kelly Johnson secured by a mortgage in the amount of $118,100 for property located at 3230 Glenn Street, Toledo, Ohio. Osterman further testified that her company is the servicer of the loan and is authorized to act on behalf of the holder of the note.

**{¶ 35}** Also submitted in support of its motion for summary judgment was the adjustable rate note wherein borrower Kelly Johnson promised to pay $118,100, plus interest to the lender, Aegis Funding Corporation. The note was executed on July 17, 2006. A copy of the mortgage, also executed on July 17, 2006, was submitted with the motion for summary judgment. The mortgage lists the borrowers as David and Kelly Johnson. Both parties signed the mortgage.

**{¶ 36}** Finally, appellee submitted the Ohio Assignment of Mortgage, dated June 6, 2014, which reads in pertinent part:

> [T]he undersigned mortgage Electronics Registration Systems Inc., as nominee for Aegis Funding Corporation its successors and assigns, * * * does hereby assign to Wells Fargo Bank N.A, as Trustee for Carrington Mortgage Loan Trust, Series-RFC1, Asset-Backed Pass-Through Certificates * * * all of its interest in that certain mortgage duly recorded in

13.

the Office of the County Recorder of Lucas County, State of Ohio as follows:

> Mortgagor: Kelly Johnson and David Johnson
>
> Mortgagee: Mortgage Electronics Registration Systems Inc., as nominee for Aegis Funding Corporation
>
> Document date: July 17, 2006
>
> Date recorded: July 24, 2006
>
> * * *
>
> Original amount of mortgage: $118,100.00
>
> Property address: 3230 Glenn St., Toledo, Oh 43613

{¶ 37} Appellant did not oppose appellee's motion for summary judgment. Instead, appellant filed his own motion for summary judgment once again arguing that appellee lacked standing. In light of the foregoing, appellant's third assignment of error is found not well-taken.

{¶ 38} In his fourth assignment of error, appellant contends that the court erred in accepting Osterman's affidavit because the note was never recorded. Appellee correctly counters that notes do not have the same recording requirement that mortgages have in that they are negotiable instruments merely evidencing the debt. Accordingly, appellant's fourth assignment of error is found not well-taken.

{¶ 39} In his fifth and final assignment of error, appellant contends he was the victim of judicial bias in favor of appellee.

14.

{¶ 40} Judicial bias involves "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus. There is no evidence of judicial bias in this case.

{¶ 41} As thoroughly discussed above, appellant's counterclaim failed to state a claim and appellee sufficiently showed proof of execution and delivery of the note and mortgage; valid recording of the mortgage; proof that it is the current holder of the note and mortgage; default; and the amount owed. Appellant's fifth assignment of error is found not well-taken.

{¶ 42} For the foregoing reasons, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                               _____

                                                                  JUDGE

Thomas J. Osowik, J.                            _____

James D. Jensen, P.J.                                                   JUDGE
CONCUR.

                                                                   _____

                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.