[Cite as *Sandfoss v. Morrow*, 2019-Ohio-5371.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| DANIEL SANDFOSS, et al., | : | |
| Appellants, | : | CASE NO. CA2019-01-002 |
| - vs - | : | O P I N I O N<br>12/30/2019 |
| | : | |
| VILLAGE OF MORROW, OHIO, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CV88849

Dearie, Fischer & Mathews, LLC, John A. Fischer, Greene Town Center, 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440, for appellants

Surdyk, Dowd & Turner Co., LPA, Jeffrey C. Turner, Dawn M. Frick, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458, for appellees

**HENDRICKSON, P.J.**

{¶ 1} Plaintiffs, Daniel Sandfoss, Mary Rutterer, Barbara Reimer, James Cook, and Aleta Cook (collectively, "Plaintiffs"), appeal from a decision of the Warren County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee, the village

of Morrow, Ohio ("Morrow"). For the reasons discussed below, this court affirms the trial court decision.

{¶ 2} In July 2016, Plaintiffs sued defendant Clinton County Trails Coalition ("Coalition"). The complaint asserted a claim to quiet title to certain real property owned by Coalition ("subject property"). Plaintiffs claimed the subject property was part of an old railway easement that traversed their respective properties. Plaintiffs further alleged that Coalition had received its interest in the subject property by quitclaim deed from a railroad company. That deed had purported to transfer the former railroad corridor to Coalition in fee simple. Plaintiffs alleged that, at best, the railroad company had transferred an easement, which easement was earlier abandoned by the railroad company.

{¶ 3} Plaintiffs asked the court to terminate the easement and revert title of the subject property to them. Plaintiffs subsequently filed an amended complaint adding Morrow as a party defendant after Coalition moved to dismiss on the basis that it had sold the subject property to Morrow. The court thereafter dismissed Coalition from the case.

{¶ 4} In answering the complaint, Morrow pled that it held the subject property in fee simple. After both sides completed discovery, the parties filed competing motions for summary judgment.

{¶ 5} The summary judgment evidence indicated that Coalition purchased the subject property in 1993 from Penn Central Corporation ("Penn"). The subject property was part of a former railway corridor. Coalition paid Penn $47,000 and Penn provided Coalition with a quitclaim deed, which transferred a fee simple interest. The deed or other records that would demonstrate how Penn acquired its interest in the railway apparently could not be located and therefore were not presented in evidence.

{¶ 6} Coalition purchased the land with the intent of making it a public trail but ultimately did not build the trail for various reasons. Coalition then sold the tract to Morrow.

In the course of that transaction, Morrow received an attorney's certificate of title, which certified that "the fee simple title to said premises is vested in [Coalition]* * *." The attorney further certified that the title was marketable and free from encumbrances.

{¶ 7} The court issued its decision denying Plaintiffs' motion for summary judgment. With respect to the Sandfoss/Rutterer and Cook properties, the court found that the subject property did not enter those properties and those plaintiffs had not established any other ownership interest in the subject property.[1] The court found that the evidence indicated that the subject property ran through the Reimer property, but that Reimer also had failed to establish that she held any title to the subject property. Additionally, the court found that Plaintiffs had not shown that Penn held the subject property as an easement and concluded that there were no genuine issues of fact for trial. Accordingly, the court denied Plaintiffs' motion for summary judgment. On the same basis, the court granted Morrow's motion for summary judgment as to Plaintiffs' claims.

{¶ 8} Plaintiffs appeal, raising two assignments of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED BY GRANTING MORROW'S SUMMARY JUDGMENT MOTION.

{¶ 11} Plaintiffs argue that the absence of any evidence of how Penn obtained the subject property created a genuine issue of fact for trial because the court should have presumed, as a matter of law, that the subject property was an easement. Plaintiffs further argue that the trial court ignored evidence that created genuine issues of fact on whether Plaintiffs held ownership interests in the subject property. Finally, Plaintiffs contend that the court ignored evidence that Penn abandoned the easement.

---

1. Sandfoss and Rutterer are husband and wife and own the same property. For ease of discussion, the court will refer to them collectively as "Sandfoss."

{¶ 12} This court reviews summary judgment decisions de novo. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there are no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law and, (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

{¶ 13} An action to quiet title is a statutory cause of action, which is described as follows:

> An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. Such action may be brought also by a person out of possession, having, or claiming to have, an interest in remainder or reversion in real property, against any person who claims to have an interest therein, adverse to him, for the purpose of determining the interests of the parties therein.

R.C. 5303.01. "The purpose of any quiet-title action is to conclusively determine the allocation of property interests." *Scarberry v. Lawless*, 4th Dist. Lawrence No. 09CA18, 2010-Ohio-3395, ¶ 18, citing *Lincoln Health Care, Inc. v. Keck*, 11th Dist. Lake No. 2002-L-006, 2003-Ohio-4864, ¶ 23. "The burden of proof in a quiet title action rests with the complainant as to all issues which arise upon essential allegations of the complaint." *Didday v. Bradburn*, 12th Dist. Clermont Nos. CA99-05-049, CA99-06-059, 2000 Ohio App. LEXIS 614, *4 (Feb. 22, 2000), citing *Duramax, Inc. v. Geauga Cty. Bd. of Commrs.*, 106 Ohio App.3d 795, 798 (11th Dist.1995).

{¶ 14} The Sixth District Court of Appeals affirmed the grant of summary judgment to a railroad company in a similar case where the plaintiff landowners failed to present evidence that they held title to a railway corridor. *Blausey v. Norfolk Southern Corp.*, 6th Dist. Ottawa,

No. OT-04-056, 2005-Ohio-5021. The landowners owned property adjacent to a railroad line and sued to quiet title to the land as it was being transitioned into a public trail. *Id.* at ¶ 6. The landowners were not able to produce evidence of how the railroad company originally acquired the land. *Id.* at ¶ 7, 17. The landowners also could not prove that they had any interest in the railroad corridor based on the title work produced in discovery. *Id.* at ¶ 17. The appeals court held that the landowners had not demonstrated that they could meet their burden of proof to quiet title and affirmed the trial court's summary judgment decision. *Id.*

{¶ 15} Likewise, after completing discovery and title work, Plaintiffs produced no evidence demonstrating how Penn acquired the subject property. The evidence also showed that the subject property did not encroach upon the Sandfoss and Cook properties and only encroached upon the Reimer property. While there may have been some evidence indicating that the former railway was an easement, Plaintiffs presented no evidence indicating a genuine issue of fact concerning whether they held an ownership or reversionary interest in the railway. Therefore, the trial court properly granted summary judgment.

{¶ 16} However, Plaintiffs argue that the trial court failed to apply a legal presumption that "transfers of property to railroads for railroad purposes" are presumed to be easements unless proven otherwise. In other words, Plaintiffs are arguing that the burden of proof was on Morrow to prove that it owned the property in fee simple.

{¶ 17} For this proposition, Plaintiffs cite a case from the Eleventh District Court of Appeals. *Grandview Golf Club, Inc. v. Baltimore & Ohio RR Co.,* 11th Dist. Geauga No. 1211, 1985 Ohio App. LEXIS 8821 (Oct. 11, 1985). *Grandview* involved landowners attempting to quiet title to land that had formerly been used as a railroad corridor. In finding for the landowners, the court stated, "Ohio courts have held that instruments granting a portion of land to railroads for railroad purposes are presumed to be granting rights-of-ways

by easement, unless proven otherwise." *Id.* at *5, citing *Cincinnati, Hamilton & Dayton Ry. Co. v. Wachter*, 70 Ohio St.113 (1904); and *Junction RR Co. v. Ruggles*, 7 Ohio St. 1 (1857).

{¶ 18} Upon review of *Wachter* and *Ruggles*, this court concludes that neither case supports the proposition of law set forth in *Grandview*. The issue in *Wachter* was whether a landowner could build a private crossing over a railroad that traversed her property. *Id.* at paragraph two of the syllabus. In *Ruggles*, the question was whether an easement granted to a railroad company was capable of being sold and transferred. *Id.* at 7.

{¶ 19} In *Blausey*, the appellants presented the court with the same argument, which it rejected:

> Appellants cite to [*Wachter*] and [*Ruggles*] in support of their argument that they do not have the burden to prove their title to the land in railroad cases such as this one. Upon a review of these cases, we find that neither case supports appellants' argument. In both cases, the issue addressed is the extent of the rights of the parties, not which party bears the burden of establishing title to the property at issue.

2005-Ohio-5021 at ¶ 16. This court agrees that *Wachter* and *Ruggles* do not stand for the proposition that the burden of proof is shifted in railroad quiet title actions.

{¶ 20} Nevertheless, Plaintiffs argue that the language in the transfer instruments in *Wachter* and *Ruggles* indicated a fee simple transfer and yet the Ohio Supreme Court construed the transfers as easements. Upon review, the language used in the transfer records was not a central issue discussed by the Court in either case. But, contrary to Plaintiffs' argument, the language used did signal the grant of an easement. In *Wachter*, the grantor "quitclaim[ed]" a "right of way." 70 Ohio St. at 116. In *Ruggles*, the grantor "quit-claim[ed] * * * so much of said land as" the Ohio Railroad company is "authorized to take for purposes of the location and construction of said [railroad]."). 7 Ohio St. at 2. *Wachter* and *Ruggles* are further distinguishable because, unlike in this case, the original granting instrument was available to construe.

- 6 -

{¶ 21} Next, Plaintiffs argue that genuine issues of material fact exist with respect to whether they held ownership interests in the subject property. With respect to the Sandfoss property, Plaintiffs point to a predecessor deed that transferred the Sandfoss property to an earlier owner and included the phrase: "[s]ave and excepting from the above described tract the three following parcels to-wit (1) 0.70 of an acre occupied by the 50 feet right-of-way of the said C.A. & C.R.R * * *."[2] Based upon this language, Plaintiffs argue "thus, the Sandfoss property specifically includes the disputed property." Yet a plain reading of "save and excepting" indicates that the deed specifically excluded transferring the subject property. This reading is consistent with the expert opinion affidavit relied upon by the court, which noted that the Sandfoss property only abutted the subject property.

{¶ 22} Next, Plaintiffs argue that the court erred in declining to consider a separate Sandfoss deed, which deed apparently described transferring a portion of the subject property. The trial court observed that Mr. Sandfoss had testified in his deposition that he prepared the deed and had "gleaned" the property description, explaining that he did not conduct a survey, but instead "I took – I took papers and figured out what I thought was – what we felt should be ours." The record reflects that Mr. Sandfoss submitted the deed to the Warren County Recorder's office, which accepted it for recordation. But when Mr. Sandfoss attempted to transfer the property at the Warren County Auditor's office, the office refused the transfer. Accordingly, the transfer was never completed and Mr. Sandfoss and his wife never paid taxes on the property. On this record, Plaintiffs have not established a genuine issue of fact concerning ownership of a portion of the subject property based on this deed.

---

2. "C.A. & C.R.R." is apparently a reference to a railroad company. The deed earlier refers to a "C.A. & C.R.R. track" and, referring to the object, a "R.R. track." The reference to a "right of way" is some evidence that the tract may have been an easement.

{¶ 23} With regard to the Reimer property, Plaintiffs argue that the summary judgment evidence showed the subject property bisected the Reimer property. This is not in dispute and was not ignored by the court. The court granted summary judgment with respect to the Reimer property because Plaintiffs failed to produce evidence indicating a genuine issue for trial as to whether Reimer held any ownership interest in the subject property.

{¶ 24} With respect to the Cook property, Plaintiffs refer to a map that they submitted into evidence with their summary judgment filing. This map shows the subject property as belonging to Coalition. Other than to say this map is "unreliable," Plaintiffs make no other argument concerning the Cooks' alleged ownership interest. The court did not mention the map in its decision. But the deed by which the Cooks took title specifically excepted the subject property. Accordingly, there is no genuine issue of fact for trial concerning the Cooks' interest in the subject property.

{¶ 25} Finally, Plaintiffs argue that the court ignored evidence that Penn had abandoned the alleged easement prior to transferring it to Coalition. But whether Penn abandoned an alleged easement or not is irrelevant because Plaintiffs did not present evidence indicating any ownership or reversionary interest in the subject property. This court overrules Plaintiffs' first assignment of error.

{¶ 26} Assignment of Error No. 2:

{¶ 27} THE TRIAL COURT ERRED BY OVERRULING THE PROPERTY OWNERS' SUMMARY JUDGMENT MOTION.

{¶ 28} In the second assignment of error, Plaintiffs reiterate the arguments set forth in the first assignment of error. For the same reasons set forth in response to the first assignment of error, this court finds no merit in Plaintiffs' second assignment of error and overrules it as well.

{¶ 29} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.